UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

ALBINO HERNANDEZ,                                          :
                                                          :
                              Plaintiff,                  :
                                                          :
              -against-                                   :     **COMPLAINT**
                                                          :
BOUCHERIE LLC d/b/a BOUCHERIE and                         :
JEROME DIHUI,                                             :
                                                          :
                              Defendants.                 :
-------------------------------------------------------------------- X

Plaintiff Albino Hernandez ("Plaintiff" or "Hernandez"), by his attorneys,
Pechman Law Group PLLC, complaining of defendants Boucherie LLC d/b/a
Boucherie ("Boucherie") and Jerome Dihui (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1.     Albino Hernandez worked as a line cook for Boucherie.  Throughout his
employment, Defendants failed to properly compensate his overtime hours, in violation
of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor
Law § 190, *et seq.* ("NYLL").  Defendants also failed to provide Hernandez with spread-
of-hours pay, wage notices, or wage statements, in violation of the NYLL and the New
York Wage Theft Prevention Act ("WTPA").

2.     Hernandez brings this action to recover unpaid overtime wages,
liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant
to the FLSA, NYLL, and WTPA.

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29
U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction
over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because all events giving rise to this action and alleged in the Complaint occurred at Boucherie, which is located, and operated by Defendants, at 99 7th Avenue South, New York, NY 10014 in the Southern District of New York.

## THE PARTIES

### Plaintiff

5.      Hernandez resides in the Bronx, New York.

6.      Defendants employed Hernandez as a line cook at Boucherie from December 21, 2016 to December 31, 2017.

7.      While employed by Boucherie, Hernandez did not hire, fire, or supervise any Boucherie employees, nor did he have the authority to do so.

### Corporate Defendant

8.      Defendant Boucherie LLC is a New York limited liability company that owns, operates, and does business as Boucherie.

9.      Boucherie has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10.     In each of the three years preceding the filing of this complaint, Boucherie had an annual gross volume of sales in excess of $500,000.

11.     Boucherie is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

### Defendant Jerome Dihui

12.     Jerome Dihui ("Dihui") is the executive chef of Boucherie.

2

13.     Throughout Hernandez's employment, Dihui had and exercised the authority to hire and fire employees, direct the manner in which employees performed their daily duties and assignments, and establish and implement the pay practices and work and scheduling policies at Boucherie.

14.     For example, Dihui hired Hernandez in 2016 and informed him of his pay rate at the time of his hiring.

15.     Dihui supervised the work of all kitchen workers at Boucherie, including Hernandez, on a nearly daily basis.

16.     Dihui fired Hernandez on December 31, 2017.

17.     Dihui is an "employer" within the meaning of the FLSA and NYLL.

### FACTUAL ALLEGATIONS

18.     According to its website, Boucherie is a traditional French brasserie and steakhouse led by the accomplished Executive Chef Dihui, who prepared the menu of "French classics and timeless bistro favorites."

19.     Boucherie is open Sunday through Thursday, from 11:00 a.m. to 12:00 a.m., and on Friday and Saturday from 11:00 a.m. to 1:00 a.m.

20.     Defendants employed Hernandez as a line cook at Boucherie's grill station, which is set off from the open kitchen and accommodates approximately two cooks.

21.     For the entirety of his year-long employment, Hernandez worked a regular schedule at Boucherie of Monday through Wednesday, from approximately 3:00 p.m. to between 11:00 p.m. and 12:00 a.m., and Thursday through Saturday, from approximately 3:00 p.m. to 1:00 a.m., totaling approximately 54 to 57 hours per week.

22.     Approximately four to six times during his employment, Defendants required Hernandez to arrive to a shift at noon to cook for a private party.

3

23.     Hernandez often worked alone at the grill station on slower weekdays and with one other cook on busier weekend days.

24.     Throughout Hernandez's employment, Defendants paid Hernandez a fixed weekly salary of $1,057.69, regardless of the actual number of hours he worked per week.

25.     Defendants did not pay Hernandez at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

26.     Defendants did not compensate Hernandez with one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten hours.

27.     Defendants paid Hernandez his wages weekly by check with an accompanying statement that did *not* reflect, *inter alia*, Hernandez's regular and overtime hourly rates of pay or the amount of actual hours worked.

28.     Defendants did not furnish Hernandez with a wage notice at the time of his hiring.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

29.     Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

30.     Defendants are employers within the meaning of the FLSA.

31.     Throughout his employment, Hernandez was engaged in interstate commerce or in the production of goods for commerce on behalf of Defendants.

32.     Hernandez is a non-exempt "employee" within the meaning of the FLSA.

33.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207 *et seq.*

4

34.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

35.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

36.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

37.    Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

38.    Hernandez is a non-exempt "employee" within the meaning of the NYLL.

39.    Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one half (1½) times his regular hourly wage rate for all hours that he worked in excess of forty per workweek.

40.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

41.    Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

42.    Due to Defendants' willful violations of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. Part 146, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees, costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

43.     Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

44.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

45.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 146-1.6.

46.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York WTPA – Failure to Provide Wage Notices)

47.     Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

48.     The WTPA, as incorporated into the NYLL, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide each employee with a written notice of his or her wage rate, in the employee's native language, at the time of hire and whenever there is a change to the employee's rate of pay.

49.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff, at the time of hiring, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or

lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

50.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

51.     Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

52.     The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

53.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*:  the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

54.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.  declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

    b.  declaring that Defendants have violated the notice and record-keeping provisions of the FLSA, NYLL and WTPA;

    c.  declaring that Defendants willfully violated the FLSA and NYLL;

    d.  enjoining future violations of the FLSA and NYLL by Defendants;

    e.  awarding Plaintiff damages for unpaid overtime wages;

    f.  awarding Plaintiff damages for unpaid spread-of-hours pay;

    g.  awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

    h.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with accurate wage statements pursuant to the NYLL and the WTPA;

    i.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish plaintiff with annual notices pursuant to the NYLL and the WTPA;

    j.  awarding Plaintiff pre-judgment interest pursuant to the NYLL;

    k.  awarding Plaintiff post-judgment interest as required under 28 U.S.C. § 1961(a);

    l.  awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

       m.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 29, 2018

                    PECHMAN LAW GROUP PLLC

                    By: _____

                        Louis Pechman
                        Lillian M. Marquez
                        488 Madison Avenue, 17th Floor
                        New York, New York 10022
                        Tel.: (212) 583-9500
                        pechman@pechmanlaw.com
                        marquez@pechmanlaw.com
                        *Attorneys for Plaintiff*